IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-14-146 |
| | * | |
| TYRONE ROBERT BAILEY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Tyrone Robert Bailey is a federal prisoner serving a 120-month sentence for drug trafficking. Now pending is Bailey's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. (ECF 159). The government opposes the motion, (ECF 165), and Bailey has replied, (ECF 167). For the reasons explained below, the motion will be denied.

### BACKGROUND

Between December 2013 and April 2014, Bailey was a member of a conspiracy to distribute and possess with intent to distribute cocaine. (ECF 79 at 8 (Plea Agreement)). The conspiracy involved obtaining cocaine from New York and traveling back to the Baltimore area. (*Id.*). On March 10, 2014, Maryland State Police stopped a vehicle associated with Bailey on Interstate 95 for speeding. One of Bailey's co-conspirators was driving, and Bailey was in the passenger seat. (*Id.*). A search of the car revealed more than four kilograms of cocaine, $1600 in cash, and multiple cell phones. (*Id.*). On January 6, 2015, Bailey pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846. (*See* ECF 100 (Judgment)). As part of his plea, Bailey admitted that at least five but less than fifteen kilograms of cocaine were reasonably foreseeable to him. (ECF 79 at 9). On April 3,

1

2015, Bailey was sentenced to 120 months' imprisonment, followed by a five-year term of supervised release. (ECF 100).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id*. But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The government does not contest that Bailey's motion is properly before the court. (Opp'n at 10, ECF 165 ("Bailey has exhausted his administrative remedies[.]")). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Bailey's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement,

"extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).[1]

      Bailey argues that his risk of developing serious illness related to COVID-19 due to his underlying medical conditions (asthma and a history of hypertension) constitutes an "extraordinary and compelling" reason to reduce his sentence. (Mot. at 10, ECF 161). The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where

---

[1] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. § 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also Decator*, 2020 WL 1676219, at *1–3 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Asthma is in the latter group, as is hypertension. *Id.*

The court is not persuaded that Bailey's underlying medical conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction. Bailey is relatively young (34 years old), it does not appear that he is *currently* suffering from hypertension, and while the court does not doubt that Bailey's asthma impacts his life, the CDC now classifies asthma as a lesser risk factor for severe illness related to COVID-19. Absent evidence of other (and current) underlying conditions that make Bailey particularly vulnerable to COVID-19, the court does not believe Bailey's asthma is grounds for compassionate release. *See, e.g., United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19.").[2]

The court acknowledges Bailey's concerns about the spread of COVID-19 at FCI Fort Dix, where he is currently incarcerated. But in light of the court's conclusion that Bailey's underlying conditions do not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that the conditions at Fort Dix do not provide grounds for Bailey's sentence to be reduced.[3]

## CONCLUSION

For the foregoing reasons, Bailey's motion for compassionate release (ECF 159) will be

---

[2] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.
[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.

4

denied. The associated motions to seal (ECF 160, 164, 166) will be granted to protect the confidentiality of personal medical information. A separate order follows.

| | |
|---|---|
|   7/30/20   <br> Date |   /S/   <br> Catherine C. Blake <br> United States District Judge |

5